IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EUGENE O'MALLEY | : | JURY TRIAL DEMANDED |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | CASE NO.: |
| SUNDANCE VACATIONS, INC. | : | |
| Defendant | : | |

## COMPLAINT

Plaintiff Eugene O'Malley ("Mr. O'Malley") by his attorney, George R. Barron, Esquire, for his Complaint alleges as follows:

## JURISDICTION AND VENUE

1.   This action for declaratory, injunctive, monetary and other appropriate relief is brought by named Plaintiff against the Defendant to redress intentional violations by Defendant of rights secured by the laws of the United States and the statutory and common law of the Commonwealth of Pennsylvania.

2.   Defendant wrongfully discriminated against, wrongfully terminated, and unlawfully deprived Mr. O'Malley of his rights under, *inter alia,* the Family and Medical Leave Act, 29 U.S.C.§2601 *et seq.*[1]

---

[1] Sundance's actions also violated the Americans with Disabilities Act and the Pennsylvania Human Relations Act. Mr. O'Malley will amend this Complaint to add those counts when the administrative exhaustion requirements are met.

3. This Court has jurisdiction over this action pursuant to, *inter alia*, 28 U.S.C. §§1331 and 1367. Venue is proper in the Middle District of Pennsylvania under 28 U.S.C. § 1391(b) because most of the events and omissions complained of occurred in this judicial district.

## THE PARTIES

x. Plaintiff Eugene O'Malley is a resident of 1512 Shoemaker Ave. West Wyoming, PA 18644.

x. Defendant Sundance Vacations, Inc. ("Sundance") is, upon information and belief, Pennsylvania Business Corporation with a place of business at 264 Highland Park Blvd. Wilkes-Barre, PA 18702.

x. Mr. O'Malley ("Mr. O'Malley") was, at all relevant times, employed by Sundance and was an "eligible employee" within the meaning of the Family and Medical Leave Act ("FMLA").

x. Sundance was, at all relevant times a "covered entity" within the meaning of the FMLA.

## STATEMENT OF FACTS

x. Mr. O'Malley was employed by Sundance as a Project Manager.

x. Mr. O'Malley was last employed by Sundance on or about May 11, 2017.

Mr. O'Malley's Leave to Care For His Parent

x.      From Spring 2015 to Fall 2015, Mr. O'Malley took intermittent leave to care for his father, who suffered from serious health conditions including liver disease and cirrhosis of the liver.

x.      Mr. O'Malley informed Sundance that the reason for his leave was to care for his father, and that his father was critically ill.

x.      Sundance approved Mr. O'Malley's leave as vacation time.

x.      Mr. O'Malley's leave was FMLA-protected leave.

x.      Sundance did not provide Mr. O'Malley with the notice of eligibility status or the rights and responsibilities notice required by the FMLA.

x.      Upon information and belief, Sundance did not consider Mr. O'Malley's leave to be FMLA protected.

x.      Upon information and belief, Sundance did not make an objectively reasonable effort to determine its obligations to Mr. O'Malley under the FMLA.

x.      Mr. O'Malley did not exhaust the FMLA-protected leave available to him.

x.      In December 2015, Mr. O'Malley received a performance review from Sundance.

x. In the December 2015 performance review, Sundance deducted points from Mr. O'Malley's evaluation specifically for using the FMLA-protected leave to care for his father.

Mr. O'Malley's Leave For His Own Serious Health Conditions

x. Mr. O'Malley suffers from chronic serious health conditions including herniated discs and nerve damage in his back.

x. Mr. O'Malley's serious health conditions were present throughout his employment, and Sundance was aware of them.

x. Mr. O'Malley's serious health conditions cause *inter alia, severe* back pain, difficulty walking and shooting pains in his legs.

x. Mr. O'Malley took intermittent leave from work for his own serious health conditions.

x. Mr. O'Malley's leave was FMLA-protected leave.

x. Sundance did not provide Mr. O'Malley with the notice of eligibility status or the rights and responsibilities notice required by the FMLA.

x. Upon information and belief, Sundance did not make an objectively reasonable effort to determine its obligations to Mr. O'Malley under the FMLA.

x. Upon information and belief, Sundance did not consider Mr. O'Malley's leave to be FMLA protected.

x.	Mr O'Malley did not exhaust the FMLA leave available to him.

x.	Sundance disciplined and ultimately terminated Mr. O'Malley's employment because of the leave that Mr. O'Malley took to care for his father and for his own serious health conditions.

x.	On or about May 11, 2017, Sundance terminated Mr. O'Malley's employment.

x.	Sundance's stated reason for terminating Mr. O'Malley's employment was his absences from work.

COUNT ONE
INTERFERENCE WITH PLAINTIFF`S RIGHTS UNDER
THE FAMILY AND MEDICAL LEAVE ACT
(Leave to Care for Parent)

x.	All previous paragraphs are incorporated herein by reference as if set forth in full.

x.	Mr. O'Malley took leave from work to care for his critically ill father.

x.	Mr. O'Malley's leave to care for his critically ill father was FMLA-protected leave

x.	Sundance was aware that Mr. O'Malley's was taking leave to care for his critically ill parent.

x.	Sundance willfully interfered with Mr. O'Malley's FMLA rights by failing to provide Mr. O'Malley with the notifications required by FMLA.

x. Sundance willfully interfered with Mr. O'Malley's FMLA rights by, *inter alia,* taking his FMLA protected leave into account in a negative manner in Mr. O'Malley's performance evaluation.

x. Sundance willfully interfered with Mr. O'Malley's FMLA rights by terminating his employment because he used FMLA-protected leave.

## COUNT TWO
## RETALIATION IN VIOLATION OF
## THE FAMILY AND MEDICAL LEAVE ACT
(Leave to Care for Parent)

x. All previous paragraphs are incorporated herein by reference as if set forth in full.

x. Sundance willfully retaliated against Mr. O'Malley for asserting his right to leave under the FMLA by taking his FMLA protected leave into account in a negative manner in Mr. O'Malley's performance evaluation.

x. Sundance willfully retaliated against Mr. O'Malley for asserting his right to leave under the FMLA by terminating his employment.

## COUNT THREE
## INTERFERENCE IN VIOLATION OF
## THE FAMILY AND MEDICAL LEAVE ACT
(Leave for Employee's Own Serious Health Condition)

x. All previous paragraphs are incorporated herein by reference as if set forth in full.

x. Mr. O'Malley took leave from work due to his own serious health conditions.

x. Mr. O'Malley's leave was FMLA-protected.

x. Sundance was aware of Mr. O'Malley's reasons for taking leave.

x. Sundance failed to provide Mr. O'Malley with the notifications required by FMLA.

x. Sundance willfully interfered with Mr. O'Malley's FMLA rights by failing to provide Mr. O'Malley with the notifications required by FMLA.

x. Sundance willfully interfered with Mr. O'Malley's FMLA rights by, *inter alia,* taking his FMLA protected leave into account in a negative manner in Mr. O'Malley's performance evaluation and by disciplining Mr. O'Malley for FMLA-protected absences.

## COUNT FOUR
## RETALIATION IN VIOLATION OF
## THE FAMILY AND MEDICAL LEAVE ACT
(Leave for Employee's Own Serious Health Condition)

x. All previous paragraphs are incorporated herein by reference as if set forth in full.

x. Sundance willfully retaliated against Mr. O'Malley for asserting his right to leave under the FMLA by taking his FMLA protected leave into account in a negative manner in Mr. O'Malley's performance evaluation.

x.     Sundance willfully retaliated against Mr. O'Malley for asserting his right to leave under the FMLA by terminating his employment.

## PRAYER FOR RELIEF

x.   Since his employment was terminated, Mr. O'Malley has suffered lost wages, lost employment opportunities, loss of medical benefits and other fringe benefits. In addition, Mr. O'Malley has suffered and will continue to suffer severe emotional and physical distress.

WHEREFORE, Mr. O'Malley respectfully requests that this Court:

(a)   Enter a declaratory judgment that Sundance`s action, policies, practices and procedures complained of herein have violated and continue to violate the rights of Mr. O'Malley as secured by the statutes of the United States and the Constitution, statutes and common law of the Commonwealth of Pennsylvania;

(b)   Require Sundance to reinstate Mr. O'Malley to a position equivalent to that which he previously held and to restore Mr. O'Malley full income and benefits that he would have received had he not been the victim of Sundance`s unlawful acts, or, in the alternative, award to Mr. O'Malley front pay damages in an amount to be determined;

(c)    Award to Mr. O'Malley back and front pay damages for lost income and benefits at the same level as if he had been fully employed since his termination by Sundance;

     (d)    Award to Mr. O'Malley liquidated damages in an amount equal to his back and front pay damages;

     (e)    Award to Mr. O'Malley costs, disbursements and reasonable attorney fees, and;

     (f)    Grant to Mr. O'Malley such additional relief as this Court deems just and proper.

### DEMAND FOR JURY

Plaintiff demands a jury trial for all claims triable by a jury.

/s/George R. Barron
George R. Barron, Esquire
Counsel for Plaintiff
PA ID. # 88747
88 North Franklin Street
Wilkes Barre, PA 18701
(570) 824-3088