# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EUGENE O'MALLEY,           :
                               :
                               :
        Plaintiff,           :
                               :
      v.                     :      NO. 17-CV-01419
                               :
SUNDANCE VACATIONS, INC.,    :      JUDGE MARIANI
                               :
        Defendant.      :      ELECTRONICALLY FILED

---

## DEFENDANT SUNDANCE VACATIONS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

---

Daniel T. Brier
Donna A. Walsh
Erik R. Anderson
Myers, Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA 18503

Attorneys for Defendant,
Sundance Vacations, Inc.

# **TABLE OF CONTENTS**

INTRODUCTION .......................................................................................... 1

FACTUAL BACKGROUND AND PROCEDURAL HISTORY ................. 2

ARGUMENT ............................................................................................... 5

I.    Count I Fails To State a Claim for Interference With Rights
      Under the FMLA With Respect to O'Malley's Father's Medical
      Condition ........................................................................................ 5

II.   Count II Fails To State a Claim for Retaliation Under the
      FMLA With Respect To O'Malley's Father's Condition. ............ 7

III.  Count III Fails To State a Claim for Interference With Rights
      Under the FMLA Concerning O'Malley's Own Condition .......... 10

IV.   Count IV Fails To State a Claim for Retaliation Under
      the FMLA With Respect To O'Malley's Condition ...................... 12

V.    Counts VI, VIII and X Fail To State A Plausible Claim Under the
      PHRA ............................................................................................. 13

      A. O'Malley has not exhausted administrative remedies necessary
         to file suit under the PHRA ..................................................... 13

      B. O'Malley's claims under the PHRA are time-barred ............... 14

VI.   Counts V and VI Fail To State a Claim for Failure to
      Accommodate under the ADA and the PHRA ............................. 15

      A. O'Malley fails to allege that he was disabled .......................... 16

      B. O'Malley fails to allege a failure to accommodate .................. 17

VII.  Counts VII and VIII Fail To State a Claim for Retaliation in
      Violation of the ADA and the PHRA .......................................... 18

i

VIII.  Counts IX and X Fail To State a Claim for Discrimination in
       Violation of the ADA and the PHRA ............................................ 20


CONCLUSION ............................................................................................ 22

# TABLE OF AUTHORITIES

## CASES

Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868
(2009) .................................................................................................... 5

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d
929 (2007) .......................................................................... 2, 5, 13, 19

Bradley v. Aria Health, No. 10-5633, 2011 WL 2411026 (E.D. Pa.
June 15, 2011) .................................................................................... 21

Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465 (3d Cir.
2001) .................................................................................................... 14

Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 126 S.Ct. 2405
(2006) .................................................................................................... 8

Capps v. Mondelez Glob., LLC, 847 F.3d 144 (3d Cir. 2017) ...................... 7

Cebuhar v. Dep't of Alcoholism & Substance Abuse, No. 96-7363, 1997
WL 222871 (N.D. Ill. Apr. 24, 1997) ............................................... 8

Criscitello v. MHM Servs., Inc., No. 10-02004, 2013 WL 4049724
(M.D. Pa. Aug. 9, 2013) .................................................................. 12

Clark County Sch. Dist. v. Breeden, 532 U.S. 268 (2001) ........................... 19

DeAngelo v. DentalEZ, Inc., 738 F. Supp. 2d 572 (E.D. Pa. 2010) ............. 14

Elmarakaby v. Wyeth Pharm., Inc., No. CIV.A. 09-1784, 2015 WL 1456686
(E.D. Pa. Mar. 30, 2015) .................................................................. 21

Elwell v. PP & L, 2001 WL 1529063 (E.D. Pa. Nov. 28, 2001) ................... 9

Fischer v. Transue, 2008 WL 3981521 (M.D. Pa. Aug. 22, 2008) .............. 19

Fogleman v. Mercy Hosp., Inc., 283 F.3d 561 (3d Cir. 2002) ............... 15, 18

Frankel v. City of N.Y., No. 06-5450, 2009 WL 465645 (S.D.N.Y. Feb. 25, 2009)..............................................................................8

Giddens v. UPS Supply Chain Sols., 70 F. Supp. 3d 705 (D. Del. 2014)...........................................................................10, 11

Gilmore v. Office of Alcohol & Tobacco Control of the Louisiana Dep't of Revenue, No. 14-434, 2015 WL 5684123 (M.D. La. Sept. 28, 2015)...........................................................................8

Graver v. National Eng'g Co., No. 94-C-1228, 1995 WL 443944 (N.D. Ill. July 25, 1995)..................................................................16

Goss v. Standard Steel, LLC, No. 13-0607, 2014 WL 6687314 (M.D. Pa. Nov. 26, 2014)............................................................6

Guirguis v. Movers Specialty Servs., Inc., 346 F. App'x 774 (3d Cir. 2009)................................................................................20

Hepner v. Thomas Jefferson Univ. Hospitals, Inc., No. 12-5443, 2013 WL 2334148 (E.D. Pa. May 29, 2013).....................................7, 12

Hofferica v. St. Mary Med. Ctr., 826 F.Supp.2d 813 (E.D.Pa.2011).......7, 12

Horth v. Gen. Dynamics Land Sys., Inc., 960 F. Supp. 873 (M.D. Pa. 1997)..............................................................................17

Jenkins v. Philadelphia Housing Auth., No. 00-609, 2001 WL 1298988 (E.D. Pa. Oct. 24, 2001)....................................................9

Kasper v. Cty. of Bucks, 514 F. App'x 210 (3d Cir. 2013)..........................8

Khalil v. Rohm & Haas Co., No. CIV.A. 05-3396, 2008 WL 383322 (E.D. Pa. Feb. 11, 2008)..................................................................18

Kelly v. Drexel Univ., 94 F.3d 102 (3d Cir.1996)................................15, 16

Killen v. N.W. Human Servs., Inc., 2007 WL 2684541 (E.D. Pa. Sept. 7, 2007)................................................................19

Lowe v. Angelo's Italian Foods, Inc., No. 93-1233-PFK, 1994 WL 675027
(D. Kan. Nov. 18, 1994)............................................................................ 16

Mandel v. M & Q Packaging Corp., 706 F.3d 157 (3d Cir. 2013) ............... 14

McCone v. Pitney Bowes, Inc., No. 612-1852, 2014 WL 12492052
(M.D. Fla. Jan. 16, 2014) .......................................................................... 8

Meder v. City of N.Y., No. 05-919, 2007 WL 1231626 (E.D.N.Y.
Apr. 27, 2007) ........................................................................................... 8

Merit v. SEPTA, 122 F. App'x 598 (3d Cir. 2005) ...................................... 10

Michalesko v. Freeland Borough, 18 F. Supp. 3d 609 (M.D. Pa. 2014) ...... 19

Mitura v. Daulton, 1999 WL 163629 (E.D. Pa. March 18, 1999) ................. 9

Murphy v. McLane E., Inc., No. 16-1055, 2017 WL 770653
(M.D. Pa. Feb. 28, 2017).......................................................................... 10

Naber v. Dover Healthcare Assocs., Inc., 473 F. App'x 157 (3rd Cir.
2012)......................................................................................................... 12

Peter v. Lincoln Technical Inst., 255 F. Supp. 2d 417 (E.D. Pa. 2002)........ 18

Popko v. Penn State Milton S. Hershey Med. Ctr., No. 13-01845, 2014
WL 3508077 (M.D. Pa. July 14, 2014)............................................... 11, 12

Rabinovitz v. Pena, 89 F.3d 482 (7th Cir.1996) ........................................... 9

Rascon v. U.S. West Communications, Inc., 143 F.3d 1324 (10th
Cir. 1998)................................................................................................. 18

Reifer v. Colonial Intermediate Unit 20, 462 F. Supp. 2d 621 (M.D. Pa.
2006)........................................................................................................... 6

Richardson v. William Powell Co., No. C-1-93-528, 1994 WL 760695
(S.D. Ohio Nov. 10, 1994) ........................................................................ 17

Rinehimer v. Cemcolift, Inc., 292 F.3d 375 (3d Cir. 2002)......................... 16

Rooks v. Alloy Surfaces Co., No. 09-839, 2010 WL 2697304
(E.D. Pa. July 6, 2010) ............................................................... 13

Ross v. Gilhuly, 755 F.3d 185 (3d Cir. 2014)..................................... 6

Shafnisky v. Bell Atlantic, Inc., 2002 WL 31513551 (E.D. Pa.
Nov. 5, 2002)............................................................................. 18

Smart v. Ball State Univ., 89 F.3d 437 (7th Cir.1996) ................... 9

Stone v. Entergy Servs., Inc., No. 94-2669, 1995 WL 368473 (E.D. La.
June 20, 1995) ........................................................................... 16

Taylor v. Pathmark Stores, Inc., 177 F.3d 180 (3d Cir. 1999) ..... 16

Taylor v. Phoenixville Sch. Dist., 184 F.3d 296 (3d Cir.1999 ..... 15

Thomas v. Pocono Mountain Sch. Dist., No. 3:10-CV-1946, 2011 WL
2471532 (M.D. Pa. June 21, 2011) .......................................... 21

Thomas-Taylor v. City of Pittsburgh, 605 Fed. Appx 95 (3d Cir.
2015)................................................................................... 10, 19

Thompson v. Exxon Mobil Corp., 344 F. Supp. 2d 971 (E.D. Tex. 2004) .... 8

Williams v. Philadelphia Hous. Auth. Police Dep't, 380 F.3d 751 (3d Cir.
2004)................................................................................... 15, 19

Zankel v. Temple Univ., 245 F. App'x 196 (3d Cir. 2007) .......... 20

## STATUTES

29 U.S.C. § 2601 et seq. ................................................................... 1

29 U.S.C. § 2612(a)(1)(D) .............................................................. 10

29 U.S.C. § 2615(a)(1) ...................................................................... 5

29 C.F.R § 825.114 ......................................................................... 11

29 C.F.R. § 825.115 ............................................................. 11

29 C.F.R. § 825.115(a)(1)-(3) ............................................ 11

29 C.F.R. § 1630.2(j)(3)(i) ................................................. 17

42 U.S.C § 12101 <u>et seq.</u> ................................................ 1

43 P.S. § 951 <u>et seq.</u> ....................................................... 1

43 P.S. § 959(h) ................................................................. 14

## FEDERAL RULES OF CIVIL PROCEDURE

Fed. R. Civ. P. 8(a)(2) ....................................................... 5

Fed. R. Civ. P. 12(b)(6) ..................................... 5, 13, 19, 22

## MIDDLE DISTRICT LOCAL RULES

Middle District Local Rule 7.8(a) ..................................... 6

## OTHER AUTHORITIES

EEOC Compliance Manual § 902 .................................... 16

# INTRODUCTION

Just like its predecessors, the Third Amended Complaint fails to state a claim for relief under any legal theory. Plaintiff Eugene O'Malley ("O'Malley") repackages his initial four claims under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., with new factual allegations and add six counts under the Americans with Disabilities Act ("ADA"), 42 U.S.C.§ 12101 et seq., and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951 et seq. But the Third Amended Complaint fares no better than earlier efforts to assert a claim. The Third Amended Complaint still fails to allege facts that plausibly suggest that: he suffered from a serious health condition; he suffered any prejudice as a result of any purported failure by Sundance to provide any notice under the FMLA; or any adverse action was causally related to any request for medical leave either for himself or to care for his father. Moreover, O'Malley's new claims under the PHRA fail as a matter of law in that he failed to exhaust his administrative remedies. The PHRA claims are also time-barred. Finally, he fails to state any claim under the ADA because he fails to sufficiently allege, inter alia, that he suffered from a disability or that his termination was causally related to his alleged requests for an open-ended schedule. Even with the benefit of all reasonable inferences, the Third Amended Complaint fails to plead facts which plausibly establish the essential elements of claims for relief under the FMLA,

ADA or PHRA and should be dismissed in its entirety pursuant to the Supreme Court's directive that defective pleadings "should be exposed at the point of minimum expenditure of time and money by the parties and the court." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 558, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007) (citations and internal quotation marks omitted).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

O'Malley was employed by Sundance as a project manager. (Third Am. Compl. (ECF No. 25) ¶ 9.) His last date of work was May 11, 2017. (Id. ¶¶ 39, 56.) O'Malley alleges that, from spring to fall 2015, he intermittently took time off to care for his father who was apparently suffering from liver disease and cirrhosis of the liver. (Id. ¶ 11.) O'Malley claims that he informed "Sundance of his father's serious medical conditions, diagnosis, hospitalization and need for care . . . ." (Id. ¶ 14.) He avers that Sundance never provided notice of his FMLA eligibility status or his rights under the statute, (id. ¶ 17), but instead approved his requests for intermittent leave as vacation time. (Id. ¶ 15.) O'Malley alleges that Sundance "deducted points" from his December 2015 performance review "specifically for using the FMLA-protected leave to care for his father." (Id. ¶ 22.)

O'Malley also asserts that he himself suffers from "chronic serious health conditions including herniated discs and nerve damage in his back," (id. ¶

24), and that he took intermittent leave from work as a result of these conditions. (Id. ¶ 30.) He claims that such leave was protected under the FMLA and that he never received notice of his rights under the FMLA with respect to his own health condition. (Id. ¶¶ 31, 33.) O'Malley does not allege any specific instance in which he took leave from work in connection with his own purported serious health condition.

Additionally, O'Malley claims that his back condition qualifies as a disability within the meaning of the ADA and the PHRA. (Id. ¶ 41.) He avers that he suffered "severe back pain, difficulty walking and shooting pains in his legs," id. ¶ 43), and that his condition "significantly impaired his ability to . . . work, sit, stand, and walk," (Id. ¶¶ 44, 45). O'Malley alleges that he requested and was granted "flexible working hours as an accommodation for his disabilities" and was permitted "to occasionally work from home." (Id. ¶¶ 46, 47.) He alleges that Sundance granted these accommodations from approximately 2013 until October 2016. (Id. ¶ 48.) He claims that, in "late 2016," Sundance "withdrew" the accommodations and required him to call off work in the event he was unable to report to the office. (Id. ¶¶ 49-51.) O'Malley alleges that he requested that he be allowed to work from home but his request was denied. (Id. ¶¶ 52-53.) He also claims that his request to work on Saturdays was denied. (Id. ¶¶ 54-55.)

O'Malley alleges that he was discharged on May 11, 2017 due to "his absences from work." (Id. ¶¶ 40, 57.)

On August 10, 2017, O'Malley commenced this action by filing a four-count Complaint alleging four separate claims under the FMLA. (ECF No. 1.) On October 16, 2017, O'Malley filed an Amended Complaint to correct typographical errors. (ECF No. 8.) Sundance moved to dismiss the Amended Complaint on the same day. (ECF No. 10.) On November 14, 2017, O'Malley filed a four-count Second Amended Complaint in an effort to address the insufficiencies identified in Sundance's motion to dismiss and supporting brief. Sundance moved to dismiss the Second Amended Complaint on November 28, 2017. (ECF No. 20.) O'Malley filed a Third Amended Complaint on December 21, 2017. (ECF No. 25.) The Third Amended Complaint alleges the same four FMLA counts as its three predecessors and adds six new counts under the ADA and the PHRA. Sundance moved to dismiss the Third Amended Complaint on January 4, 2017. (ECF No. 26.)

# ARGUMENT

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal under Rule 12(b)(6), a complaint must set forth facts that raise a plausible inference that the defendant inflicted a legally cognizable harm upon the plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); Twombly, 550 U.S. at 555-56, 127 S. Ct. 1955, 1965-66, 167 L. Ed. 2d 929 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; see also Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Rather, to survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. O'Malley's Third Amended Complaint fails to satisfy these pleading requirements and should therefore be dismissed.

## I. Count I Fails To State a Claim for Interference With Rights Under the FMLA With Respect to O'Malley's Father's Medical Condition.

To state a claim for interference in violation of 29 U.S.C. § 2615(a)(1), a plaintiff must allege that: (1) he or she was an eligible employee

under the FMLA; (2) the defendant was an employer subject to the FMLA's requirements; (3) the plaintiff was entitled to FMLA leave; (4) the plaintiff gave notice to the defendant of his or her intention to take FMLA leave; and (5) the plaintiff was denied benefits to which he or she was entitled under the FMLA. Ross v. Gilhuly, 755 F.3d 185, 191-92 (3d Cir. 2014) (citations omitted); Goss v. Standard Steel, LLC, No. 13-0607, 2014 WL 6687314, at *5 (M.D. Pa. Nov. 26, 2014)[1] (citations omitted). O'Malley fails to allege facts which plausibly suggest the fifth element is satisfied.

O'Malley fails to allege that he suffered any prejudice as a result of any lack of notice under the FMLA. To the contrary, O'Malley admits that he received all the time off that he requested in connection with this father's illness. (3d Am. Compl. ¶¶ 13, 15). This admission is fatal to his interference claim. In order to state an interference claim under the FMLA, "the employee must show prejudice by establish[ing] that this failure to advise rendered him unable to exercise that right in a meaningful way, thereby causing injury." Reifer v. Colonial Intermediate Unit 20, 462 F. Supp. 2d 621, 637-38 (M.D. Pa. 2006) (internal quotation omitted) (bracketing in original). Because Sundance approved his requests for leave due to his father's illness, O'Malley necessarily suffered no

---

[1] Pursuant to Middle District Local Rule 7.8(a), copies of all unpublished opinions are reproduced as attachment 1."

prejudice and, therefore, has no claim for interference. See Hepner v. Thomas Jefferson Univ. Hospitals, Inc., No. 12-5443, 2013 WL 2334148 (E.D. Pa. May 29, 2013) (dismissing FMLA interference claim where "the . . . Complaint sets forth no facts concerning what harm, if any, plaintiff suffered as a consequence of defendant's failure to designate or notify him of FMLA leave"); Hofferica v. St. Mary Med. Ctr., 826 F. Supp. 2d 813, 823-24 (E.D. Pa. 2011) ("A plaintiff cannot allege that an employer's failure to advise rendered him unable to exercise that right in a meaningful way, thereby causing injury, merely by claiming damages for such a perceived wrong.") (internal citation omitted). Because O'Malley does not allege that he suffered prejudice, he fails to state a claim under the FMLA with respect to his father's illness and Count I should be dismissed.

## II.  Count II Fails To State a Claim for Retaliation Under the FMLA With Respect To O'Malley's Father's Condition.

To state an FMLA retaliation claim, an employee must allege that: (1) he invoked his right to FMLA-qualifying leave; (2) he suffered an adverse employment decision; and (3) the adverse action was causally related to his invocation of rights. Capps v. Mondelez Glob., LLC, 847 F.3d 144, 157 (3d Cir. 2017). O'Malley's retaliation claim in Count II fails for two independent reasons.

First, O'Malley fails to allege an adverse employment action but relies instead on alleged deduction of points in a performance review. (3d Am. Compl.

7

¶¶ 22, 65.) To demonstrate an adverse employment decision, a plaintiff is required to show that "'a reasonable employee would have found the challenged action materially adverse,' such that the action well might have dissuaded a reasonable worker from taking a protected action." Kasper v. Cty. of Bucks, 514 F. App'x 210, 216 (3d Cir. 2013) (quoting Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68, 126 S. Ct. 2405 (2006)). The federal courts have consistently held that an unfavorable performance evaluation is not sufficiently adverse so as to constitute an adverse employment action. See, e.g., Gilmore v. Office of Alcohol & Tobacco Control of the Louisiana Dep't of Revenue, No. 14-434, 2015 WL 5684123, at *4 (M.D. La. Sept. 28, 2015) ("Negative performance evaluations, standing alone, cannot constitute an adverse employment action.") (quoting Thompson v. Exxon Mobil Corp., 344 F. Supp. 2d 971, 982 (E.D. Tex. 2004)); McCone v. Pitney Bowes, Inc., No. 612-1852, 2014 WL 12492052, at *4 (M.D. Fla. Jan. 16, 2014) (finding plaintiff "failed to plausibly allege an adverse employment action arising from his unfavorable performance evaluation"); Frankel v. City of N.Y., No. 06-5450, 2009 WL 465645, at *3 (S.D.N.Y. Feb. 25, 2009) ("Plaintiff's negative performance evaluations do not constitute adverse employment actions."); Meder v. City of N.Y., No. 05-919, 2007 WL 1231626, at *12 (E.D.N.Y. Apr. 27, 2007) (holding that "written and oral criticisms . . . even if unjustified, are not adverse employment actions"); Cebuhar v. Dep't of Alcoholism

& Substance Abuse, No. 96-7363, 1997 WL 222871, at *8 (N.D. Ill. Apr. 24,

1997) ("negative performance evaluation alone can rarely constitute an adverse

employment action") (citing Smart v. Ball State Univ., 89 F.3d 437, 442 (7th

Cir.1996)).[2]  Failure to allege an adverse employment action requires dismissal of

Count II.

    Alternatively, Count II should be dismissed because the Third

Amended Complaint does not allege any facts suggesting a causal connection

between O'Malley's request for leave to care for his father and any adverse

employment action.  Here, the only alleged adverse employment action—

O'Malley's separation—occurred in May 2017, more than a year-and-a-half after

O'Malley requested leave to care for his father.  (3d Am. Compl. ¶¶ 13, 39.)  The

---

[2]  O'Malley suggests "[u]pon information and belief" that his performance
review may have led to denial of "wage increases, promotions and/or other
benefits."  (3d Am. Compl. ¶ 23.)  Such speculative assertions are plainly
insufficient to state a claim.  See Elwell v. PP&L, No. 99-2716, 2001 WL 1529063
at *9 (E.D. Pa. Nov. 28, 2001) ("the presumed or speculative effect of an
evaluation, without a showing of actual harm, is insufficient to demonstrate
an adverse employment action."); Jenkins v. Philadelphia Housing Auth., No. 00-
609, 2001 WL 1298988 at *5 (E.D. Pa. Oct. 24, 2001) (observing that a written
reprimand "does not meet the requirement for an adverse employment action
without evidence of how such a reprimand effected a material change in the
conditions of [plaintiff's] employment. A presumed effect is not enough."); Mitura
v. Daulton, No. 98-2006, 1999 WL 163629 at *4 (E.D. Pa. Mar. 18, 1999)
(concluding that plaintiff's negative performance evaluation could not be
considered an adverse employment action in the absence of evidence that the
evaluation had an actual adverse effect on the conditions of her employment)
(citing Rabinovitz v. Pena, 89 F.3d 482, 488-89 (7th Cir.1996)).

courts in this Circuit have consistently rejected FMLA claims for lack of causation where, as here, the adverse employment action was temporally remote from the allegedly protected activity.  See, e.g., Thomas-Taylor v. City of Pittsburgh, 605 F. App'x 95, 98 (3d Cir. 2015) (one-month gap not "unduly suggestive" of retaliatory motive); Merit v. SEPTA, 122 F. App'x 598 (3d Cir. 2005) (several weeks not unusually suggestive); Murphy v. McLane E., Inc., No. 16-1055, 2017 WL 770653, at *5 (M.D. Pa. Feb. 28, 2017) (18-day gap between FMLA leave and termination failed to establish causation for FMLA retaliation claim).

For either of these reasons, Count II fails to state a claim for retaliation and should be dismissed.

## III.  Count III Fails To State a Claim for Interference With Rights Under the FMLA Concerning O'Malley's Own Condition.

This claim fails for two reasons.  First, O'Malley fails to allege facts which plausibly suggest that he suffered from a serious health condition within the meaning of the FMLA.  "As an initial matter, before availing himself of the benefits of the FMLA, [a p]laintiff bears the burden of demonstrating that he had a 'serious health condition' that rendered him unable to perform the functions of his job."  Giddens v. UPS Supply Chain Sols., 70 F. Supp. 3d 705, 716 (D. Del. 2014); see also 29 U.S.C. § 2612(a)(1)(D).  There is no such allegation in the Third Amended Complaint.  Instead, O'Malley alleges that he desired to perform his

work from home.  (See, e.g., 3d Am. Compl. ¶ 47.)  Nor does O'Malley allege

facts that satisfy the regulatory definition of "serious health condition."  He does

not allege that he suffered from a condition that involved either inpatient care as

defined in 29 C.F.R. § 825.114 or continuing treatment by a health care provider as

defined in 29 C.F.R. § 825.115.  Specifically, he fails to allege a period of

incapacity lasting more than three consecutive days, receipt of subsequent

treatment by a health care provider two or more times within 30 days of the first

day of incapacity, or treatment by a health care provider on one occasion which

resulted in a regimen of continuing treatment under the supervision of the health

care provider.  See 29 C.F.R. § 825.115(a)(1)-(3).  He fails therefore to allege an

FMLA-qualifying serious health condition.  See Popko v. Penn State Milton S.

Hershey Med. Ctr., No. 1:13-CV-01845, 2015 WL 4950672, at *5 (M.D. Pa. Aug.

19, 2015) (dismissing FMLA interference claim where plaintiff alleged only a

"threadbare averment" rather than "adequate factual averments" in an effort to

establish that he received continuing treatment); Giddens, 70 F. Supp. at 717

(granting motion to dismiss for failure to state a claim where plaintiff "does not

allege facts in support of continuing treatment pursuant to 29 CFR § 825.115").

Second, O'Malley fails to allege prejudice resulting from Sundance's

purported failure to advise him of his FMLA rights.  To the contrary, O'Malley

admits that Sundance allowed him to take intermittent leave in connection with his

11

own medical condition. (3d Am. Compl. ¶¶ 14-15.) The case law in this Circuit is crystal clear: A complaint that fails to set forth facts alleging what harm, if any, a plaintiff suffered at the hands of his employer's supposed failure to provide notice of FMLA rights simply cannot withstand a motion to dismiss. See Hepner, 2013 WL 2334148, at *5; Hofferica, 826 F. Supp. 2d at 823-24.

Based on either reasons, Count III fails to allege a claim for relief under the FMLA rights and should be dismissed.

## IV. Count IV Fails To State a Claim for Retaliation Under the FMLA With Respect To O'Malley's Condition.

Like Count II, the retaliation claim in Count IV fails at the outset because O'Malley did not suffer from a serious health condition. See Popko, 2014 WL 3508077 at *8 (holding that where plaintiff failed to adequately allege he suffered from serious health condition he likewise failed to allege leave was protected activity and could not state claim for retaliation); Criscitello v. MHM Servs., Inc., No. 4:10-CV-0200, 2013 WL 4049724, at *7 (M.D. Pa. Aug. 9, 2013) (citing Naber v. Dover Healthcare Assocs., Inc., 473 F. App'x 157, 159-60 (3rd Cir. 2012) (finding that because Plaintiff did not suffer from a serious health condition, it "compels the logical conclusion that she cannot make out a prima facie case for retaliation")).

Count IV also fails for an additional, independent reason: There are no well-pleaded facts to render plausible O'Malley's claim that the 2017 termination decision was causally related to his taking leave for his own supposed medical condition. O'Malley's conclusory allegation that Sundance "retaliated against [him] for asserting his right to leave under the FMLA," (3d Am. Compl. ¶¶ 74-75), is nothing more than a "formulaic recitation of the elements of a cause of action" and therefore insufficient to withstand a Rule 12(b)(6) motion. See Twombly, 550 U.S. at 555; Rooks v. Alloy Surfaces Co., No. 09-839, 2010 WL 2697304, at *2 (E.D. Pa. July 6, 2010) (dismissing FMLA retaliation claim alleging only "conclusory statements" but no facts suggesting causal link between FMLA leave and termination).

For either of these reasons, Count IV fails to state a claim and should be dismissed.

## V. Counts VI, VIII and X Fail To State A Plausible Claim Under the PHRA.

### A. O'Malley has not exhausted administrative remedies necessary to file suit under the PHRA.

As a threshold matter, Counts VI, VIII and X should be dismissed because O'Malley failed to allege that he exhausted mandatory administrative remedies under the PHRA. Under the PHRA, a complainant must file a charge of

discrimination with the Pennsylvania Human Relations Commission ("PHRC") within 180 days of the alleged unlawful employment decision. 43 P.S. § 959(h). Thereafter, the PHRC has exclusive jurisdiction over the charge for a period of one year. Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 470-71 (3d Cir. 2001). A claim filed under the PHRA before those administrative remedies are exhausted is properly dismissed. See, e.g., DeAngelo v. DentalEZ, Inc., 738 F. Supp. 2d 572, 587-88 (E.D. Pa. 2010). Here, O'Malley alleges that he filed a charge of discrimination with the PHRC on November 6, 2017. (3d Am. Compl. ¶ 4). He filed his Third Amended Complaint on December 21, 2017— which is less than one year after he filed his PHRC charge. Accordingly, Counts VI, VIII and X should be dismissed.

**B.     O'Malley's claims under the PHRA are time-barred.**

Counts VI, VIII and X fail to state claim for an additional, independent reason: they are time-barred. As noted above, the PHRA requires a complainant to file a charge of discrimination within 180 days of the alleged discrimination. 43 P.S. § 959(h). Thus, any claims based on discrete acts occurring outside this 180-day limitations are time-barred. Mandel v. M & Q Packaging Corp., 706 F.3d 157, 164-65 (3d Cir. 2013). Here, O'Malley alleges that he was accommodated through October 2016 and that accommodations were

withdrawn "[i]n late 2016." (3d Am. Compl. ¶¶ 48-51.) Thus, O'Malley had until July 1, 2017 at the latest—i.e., 180 days from the end of 2016—to file a charge under the PHRA. Since he failed to file a charge until November 6, 2017, his claims under the PHRA are time-barred.

## VI. Counts V and VI Fail To State a Claim for Failure to Accommodate under the ADA and the PHRA.

In Counts V and VI, O'Malley seeks relief under the ADA and PHRA for alleged failure to accommodate his purported disability.[3] "To establish a prima facie case of discrimination under the ADA, a plaintiff must show (1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination. Williams v. Philadelphia Hous. Auth. Police Dep't, 380 F.3d 751, 761 (3d Cir. 2004) (internal quotations omitted). Counts V and VI do not sufficiently allege that he was disabled or that Sundance failed to accommodate him within the meaning of the ADA or PHRA.

---

[3] Since Pennsylvania courts "generally interpret the PHRA in accord with its federal counterparts," Kelly v. Drexel Univ., 94 F.3d 102, 105 (3d Cir.1996) (citations omitted), "analysis of an ADA claim applies equally to a PHRA claim . . . ." Taylor v. Phoenixville Sch. Dist., 184 F.3d 296, 306 (3d Cir.1999); see also Fogleman v. Mercy Hosp., Inc., 283 F.3d 561, 567 (3d Cir. 2002).

### A.    O'Malley fails to allege that he was disabled.

A plaintiff may demonstrate that he is disabled by showing that he: (1) has a physical or mental impairment that substantially limits one or more of her major life activities; (2) has a record of such impairment; or (3) is regarded as having such an impairment.  Rinehimer v. Cemcolift, Inc., 292 F.3d 375, 380 (3d Cir. 2002).  As the Third Circuit noted, "'to rise to the level of a disability, an impairment must significantly restrict an individual's major life activities.  Impairments that result in only mild limitations are not disabilities."  Id. at 878 (quoting EEOC Compliance Manual § 902, at 902-19) (citation and internal quotations omitted).

In the Third Amended Complaint, O'Malley avers that he suffered from herniated discs and nerve damage in his back which cause "difficulty walking and shooting pains in his legs" and "significantly impair his ability to . . . work, sit, stand and walk."  (3d Am. Compl. ¶¶ 41, 43, 44.)  These allegations do not sufficiently establish a qualifying disability under the ADA or PHRA.  Indeed, federal courts have uniformly recognized that difficulty walking or standing does not qualify as a covered disability.  See Taylor v. Pathmark Stores, Inc., 177 F.3d 180, 187 (3d Cir. 1999); Kelly, 94 F.3d at 108; Graver v. National Eng'g Co., No. 94-C-1228, 1995 WL 443944 (N.D. Ill. July 25, 1995); Stone v. Entergy Servs., Inc., No. 94-2669, 1995 WL 368473 (E.D. La. June 20, 1995); Lowe v. Angelo's

Italian Foods, Inc., No. 93-1233-PFK, 1994 WL 675027 (D. Kan. Nov. 18, 1994);

Richardson v. William Powell Co., No. C-1-93-528, 1994 WL 760695 (S.D. Ohio

Nov. 10, 1994). These cases squarely addressed, and unequivocally rejected, the

theory that problems with sitting, standing, or walking constitute a disability under

the ADA. As to the major life activity of working, O'Malley "must demonstrate

that he is unable to perform 'either a class of jobs or a broad range of jobs in

various classes as compared to the average person.'" Horth v. Gen. Dynamics

Land Sys., Inc., 960 F. Supp. 873, 878 (M.D. Pa. 1997) (quoting 29 C.F.R. §

1630.2(j)(3)(i)). He fails to do so. Indeed, there is no allegation in the Third

Amended Complaint that O'Malley is unable to perform work in a class or broad

range of jobs. Thus, O'Malley fails to allege that he suffers from a disability and

therefore Counts V and VI should be dismissed.

### B. O'Malley fails to allege a failure to accommodate.

O'Malley alleges that Sundance violated the ADA by refusing to

allow him to take "time off of work." (3d Am. Compl. ¶ 81.) But he squarely

subverts this very allegation in Paragraph 30 when he admits that he "took

intermittent leave from work for his own [disability]." (3d Am Compl. ¶ 30). Put

differently, O'Malley admits he received from Sundance the very thing he claims

he didn't receive from Sundance—an accommodation in the form of time off. This

cannot, therefore, be a violation of the ADA.  O'Malley also alleges that Sundance

failed to accommodate him by refusing to permit him to "work from home."  (3d

Am. Compl. ¶ 81.)  This allegation likewise fails because  "there is no duty to

provide a particular or precise accommodation requested by an employee."  Khalil

v. Rohm & Haas Co., No. 05-3396, 2008 WL 383322, at *17 (E.D. Pa. Feb. 11,

2008).[4]  Counts V and VI should therefore be dismissed.

## VII. Counts VII and VIII Fail To State a Claim for Retaliation in Violation of the ADA and the PHRA

O'Malley's retaliation claims under the ADA and PHRA fail because

the Third Amended Complaint does not contain any well-pleaded facts to suggest

that the decision by Sundance in May 2017 to terminate Plaintiff was causally

related to his "late 2016" request for certain leave conditions—e.g., working from

---

[4]  O'Malley's real gripe appears to be that he was not allowed to set his own
schedule and to work at home when he wanted to.  But no court has ever found an
employer to have violated the ADA by refusing to permit an indefinite, open-ended
schedule.  See, e.g., Fogleman v. Greater Hazleton Health All., 122 F. App'x 581,
586 (3d Cir. 2004) (finding that a leave request "for an indefinite and open-ended
period of time" "d[id] not constitute a reasonable accommodation."); Rascon v.
U.S. West Communications, Inc., 143 F.3d 1324, 1334 (10th Cir. 1998) ("[A]n
indefinite unpaid leave is not a reasonable accommodation . . . ."); Peter v. Lincoln
Technical Inst., 255 F. Supp. 2d 417, 437 (E.D. Pa. 2002) ( "[M]any courts have
found that a request for indefinite leave is inherently unreasonable, particularly
where there is no favorable prognosis."); Shafnisky v. Bell Atlantic, Inc., 2002 WL
31513551, *11 (E.D. Pa. Nov. 5, 2002) ("Open-ended disability leave is not a
reasonable accommodation.").

home and working flexible hours, (3d Am. Compl. ¶¶ 49, 50)—related to his alleged disability. Rather, O'Malley's conclusory allegations that Sundance "willfully retaliated against [him] for asserting his rights" under the ADA and PHRA, (3d Am. Compl. ¶¶ 91-95), are nothing more than the "formulaic recitation of the elements of a cause of action" that Twombly instructs are insufficient to withstand a Rule 12(b)(6) motion. See Twombly, 550 U.S. at 555.

Additionally, O'Malley fails to plead any facts suggesting a causal connection between any request for accommodation and his separation in May 2017. See Williams, 380 F.3d at 759. This is fatal to these claims. Federal courts have consistently rejected retaliation claims for lack of causation where, as in the present case, the alleged adverse employment action was temporally remote from the alleged protected activity. See, e.g., Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001) (noting that three-month lapse is likely insufficient alone to demonstrate causation); Thomas-Taylor v. City of Pittsburgh, 605 F. App'x 95, 99 (3d Cir. 2015) (approximate one-month gap not "unduly suggestive" of retaliatory motive); Michalesko v. Freeland Borough, 18 F. Supp. 3d 609, 622 (M.D. Pa. 2014) (three-month lapse between alleged protected activity and the adverse action does not create an inference of causation); Fischer v. Transue, 2008 WL 3981521, *10 (M.D. Pa. Aug. 22, 2008) (period of twenty-two days insufficient to find causation without additional evidence); Killen v. N.W. Human Servs., Inc., 2007

19

WL 2684541, at *8 (E.D. Pa. Sept. 7, 2007) (temporal proximity of seventeen days was insufficient to establish causation).

For either of these reasons, O'Malley fails to state a claim for retaliation under the ADA or PHRA and Counts VII and VIII should be dismissed.

## VIII. Counts IX and X Fail To State a Claim for Discrimination in Violation of the ADA and the PHRA.

In Counts IX and X, O'Malley seeks relief for disability discrimination under the ADA and the PHRA. These counts fail as a matter of law because O'Malley does not aver facts sufficient to show that Sundance terminated his employment because of his disability. "To state a cognizable disability discrimination claim, [the plaintiff] must allege that [his] termination . . . was a pretext or otherwise an instance of discrimination on the basis of disability." Zankel v. Temple Univ., 245 F. App'x 196, 199 (3d Cir. 2007) (citation omitted). O'Malley fails to satisfy his pleading burden. Instead, he offers only bald, unsupported legal conclusions. For instance, he alleges that "Sundance . . . discriminated against [him] because of his disabilities . . . ." (3d Am. Compl. ¶¶ 98, 102). This is precisely the type of factually unsupported legal conclusion that is insufficient to state a claim for relief under a discrimination theory. See, e.g., Guirguis v. Movers Specialty Servs., Inc., 346 F. App'x 774, 776 (3d Cir. 2009) ("In the absence of factual averments supporting his discrimination claims, the District Court properly found that Guirguis failed to raise a plausible right to relief

20

under the pleading standard established by Twombly."); Elmarakaby v. Wyeth

Pharm., Inc., No. CIV.A. 09-1784, 2015 WL 1456686, at *7 (E.D. Pa. Mar. 30,

2015) (granting motion to dismiss unsupported claim of employment

discrimination because "[g]eneral allegations of discrimination . . . lacking

specificity and lacking any reasonable nexus are insufficient."); Thomas v. Pocono

Mountain Sch. Dist., No. 3:10-CV-1946, 2011 WL 2471532, at *6 (M.D. Pa. June

21, 2011) (granting motion to dismiss discrimination claims that "are bereft of

factual content"); Bradley v. Aria Health, No. 10-5633, 2011 WL 2411026, at *3

(E.D. Pa. June 15, 2011) (granting motion to dismiss where the complaint "fails to

allege any facts to support a . . . discrimination claim"). O'Malley has, therefore,

failed to articulate actionable disability discrimination claims in Counts IX and X

and those counts should be dismissed.

## CONCLUSION

For the reasons above, O'Malley's Third Amended Complaint should

be dismissed with prejudice pursuant to Rule 12(b)(6).

Respectfully submitted,

/s/ Donna A. Walsh
Daniel T. Brier
Donna A. Walsh
Erik R. Anderson

Attorneys for Defendant,
Sundance Vacations, Inc.

Myers, Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA 18503
(570) 342-6100
Dated: January 25, 2018

**CERTIFICATE OF COMPLIANCE**
**WITH LOCAL RULE 7.8(b)(3)**

I, Donna A. Walsh, hereby certify that the foregoing Memorandum of Law in Support of Defendant's Motion to Dismiss is in compliance with Local Rule 7.8(b)(3). The brief contains 4652 words as computed by Microsoft Office Word.

/s/ Donna A. Walsh

Date: January 25, 2018

## CERTIFICATE OF SERVICE

I, Donna A. Walsh, hereby certify that a true and correct copy of the foregoing Memorandum of Law in Support of Motion To Dismiss was served upon the following counsel of record via the Court's ECF system on this 25th day of January, 2018:

George R. Barron, Esquire
88 North Franklin Street
Wilkes-Barre, PA 18701


/s/ Donna A. Walsh