# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EUGENE O'MALLEY, | : | |
| Plaintiff, | : | |
| v. | : | NO. 17-CV-01419 |
| SUNDANCE VACATIONS, INC., | : | JUDGE MARIANI |
| Defendant. | : | ELECTRONICALLY FILED |

_____

**DEFENDANT SUNDANCE VACATIONS, INC.'S REPLY
MEMORANDUM IN FURTHER SUPPORT OF MOTION
TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(6)**
_____

## INTRODUCTION

Plaintiff Eugene O'Malley offers nothing in his Opposition Brief (ECF No. 32) to salvage the defective claims in his Third Amended Complaint. He fails to state any claim upon which relief can be granted and, as a result, the Third Amended Complaint should be dismissed with prejudice in its entirety.

**ARGUMENT**

I.  **Count I Fails To State a Claim for Interference With Rights Under the FMLA With Respect to O'Malley's Father's Medical Condition.**

The FMLA interference claim in Count I is premised on the mistaken assumption that any alleged failure to provide notice under the FMLA is actionable under an interference theory. This is not the law. Contrary to O'Malley's argument, the requirement of notice in the FMLA is not itself a substantive right and therefore failure to provide notice of entitlements under the FMLA is not actionable in the abstract. Instead, to state a claim for interference with rights granted by the FMLA, a plaintiff must establish prejudice, i.e. that "th[e] failure to advise rendered him unable to exercise [his FMLA] right in a meaningful way, thereby causing injury." Reifer v. Colonial Intermediate Unit 20, 462 F. Supp. 2d 621, 637-38 (M.D. Pa. 2006); see also Hilborn v. Cordaro, No. 3:CV-06-0223, 2007 WL 2903453, at **7-8 (M.D. Pa. Sept. 28, 2007) (plaintiff failed to state claim for interference where he was allowed to take leave notwithstanding lack of notice of FMLA rights and lack of response to request for FMLA leave).[1] O'Malley alleges no such prejudice and therefore fails as a matter of law to state a claim for interference. See Fraternal Order of Police, Lodge 1 v. City of Camden,

---

[1]  The unpublished decisions cited herein are reproduced in the attached Appendix pursuant to Local Rule 7.8(a).

842 F.3d 231, 246 (3d Cir. 2016) (alleged threat of discipline insufficient to support FMLA interference claim where plaintiff actually took time off to care for his mother because any discipline "must occur in tandem with actual harm").

In an effort to overcome this fatal defect, O'Malley argues for the first time in his Opposition Brief that he believed "he could be disciplined or fired for taking . . . leave" to care for his father and that his desire to take leave was thus "chilled." (Opp'n Br. at 4.) These new assertions appear nowhere in the Third Amended Complaint and therefore cannot stave off dismissal under Rule 12(b)(6). See Commonwealth of Pa., ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (citation and internal punctuation omitted). Moreover, O'Malley's new claim that he feared discipline is directly contrary to his allegation in the Third Amended Complaint that "Sundance approved [his] leave as vacation time." (3d Am. Compl. ¶ 15.) This allegation, which must be taken as true, establishes lack of prejudice and defeats O'Malley's FMLA interference claim. See Butz v. Hertz Corp., 554 F. Supp. 1178, 1183 (W.D. Pa. 1983) (accepting truth of allegations in complaint for purposes of Rule 12(b)(6) where those allegations are contradicted by argument in brief).[2]

---

[2]  The cases cited by O'Malley are not on point. In Nusbaum v. CB Richard Ellis, Inc., 171 F. Supp. 2d 377 (D.N.J. 2001), the plaintiff was fired for failing to

O'Malley argues in the alternative that his request for time off was treated as a negative factor in his performance review and "resulted in harm to him." (Opp'n Br. at 4.) The Third Amended Complaint, however, includes no factual allegations that plausibly establish harm as required by Twombly. Unable to point to actual facts, O'Malley instead alleges "[u]pon information and belief" that the purported "deduction of points" from his performance review "resulted in [him] not receiving wage increases, promotions and/or other benefits." (3d Am. Compl. ¶ 23.) Such bald assertions, unsupported by specific facts upon which the purported "belief" is founded, are not entitled to the presumption of truth and are not sufficient to state a claim for relief. See, e.g., Anspach ex rel. Anspach v. City of Philadelphia, Dep't of Pub. Health, 503 F.3d 256, 260 (3d Cir. 2007) ("we need not credit 'bald assertions' or 'legal conclusions'"); Baraka v. McGreevey, 481 F.3d 187, 195 (3d

---

return a medical leave of absence form which was required by her employer's leave policy which she asked for but never received and her leave was designated as FMLA leave only after she was terminated. This case is materially different in that O'Malley admittedly received all time off that he requested in connection with his father's illness. (3d Am. Compl. ¶ 15.) This alleged fact also distinguishes this case from the other authorities cited by O'Malley where employees were not allowed to take leave or were affirmatively discouraged from taking leave. See Gibson v. Lafayette Manor, Inc., No. 05-1082, 2007 WL 951473, **16-18 (W.D. Pa. Mar. 27, 2007) (employee was told she could not take FMLA leave to care for common law spouse and was required to submit a doctor's slip each time she took leave); Shtab v. Greate Bay Hotel & Casino, Inc., 173 F. Supp. 2d 255, 267-68 (D.N.J. 2001) (employer tried to persuade employee to delay FMLA leave until after holiday weekend); Williams v. Shenango, Inc., 986 F. Supp. 309, 320-21 (W.D. Pa. 1997) (employer denied request for FMLA leave and encouraged employee to take a different week off). No such prejudice is alleged here.

Cir. 2007) (court is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation"), cert. denied, 552 U.S. 1021, 128 S. Ct. 612, 169 L. Ed. 2d 393 (2007); Ostrowski v. Doe, No. 3:14-CV-429, 2016 WL 862477, at *8 n.7 (M.D. Pa. Mar. 7, 2016) ("information and belief" averments are not properly credited where plaintiff had access to information upon which allegations were based) (adopting magistrate report & recommendation); McClure v. Commissioner Jeffrey T. Haste, No. 1:14-CV-2249, 2016 WL 695111, at *1 n.4 (M.D. Pa. Feb. 19, 2016) (same); Alston v. Pennsylvania State Univ., No. 14-CV-2480, 2016 WL 74795, at *4 (M.D. Pa. Jan. 7, 2016) (adopting magistrate recommendation to dismiss claim based on "information and belief" which was devoid of supporting factual allegations), aff'd, 685 F. App'x 158 (3d Cir. 2017), cert. denied, 138 S. Ct. 741 (2018). O'Malley's failure to identify any negative consequence to himself resulting from taking time off to care for his father—information that would be uniquely in his control, if it existed—requires dismissal of his FMLA claim for lack of prejudice.

Absent any allegation of prejudice, Count I fails to state a claim and should be dismissed.

**II.	Count II Fails To State a Claim for Retaliation Under the FMLA With Respect to O'Malley's Father's Condition.**

O'Malley is wrong in arguing that a negative performance evaluation is itself sufficient to support a claim for retaliation. (Opp'n Br. at 5.) Rather, to state a claim for retaliation under the FMLA, the challenged action must be "materially adverse" such that it "might have dissuaded a reasonable worker" from requesting leave. Burlington Northern & Santa Fe R.R. Co. v. White, 126 S. Ct. 2405, 2415, 165 L. Ed. 2d 345 (2006) (citations and internal punctuation marks omitted). O'Malley does not and cannot allege that he suffered any materially adverse consequence as a result of his 2015 performance evaluation. His "upon information and belief" assertion is required to be disregarded under Twombly, see supra pp. 4-5, leaving a bare reference to an allegedly negative performance review which is insufficient as a matter to make out a claim for retaliation. See Ponton v. AFSCME, AFL-CIO, 395 F. App'x 867, 874 (3d Cir. 2010) (performance evaluation noting areas of improvement not materially adverse for purposes of retaliation claim), cert. denied, 563 U.S. 995, 131 S. Ct. 2457, 179 L. Ed. 2d 1222 (2011); Hallman v. PPL Corp., No. 11-CV-02834, 2014 WL 349714, at **11-12 (E.D. Pa. Jan. 31, 2014) (performance review not materially adverse action sufficient to make out retaliation claim); Mikulski v. Bucks Cty. Cmty. Coll., No. 11-557, 2011 WL 1584081, at *5 (E.D. Pa. Apr. 27, 2011) (criticism in performance evaluation "hardly rises to a level of harm to support a retaliation

claim"); Harley v. Geithner, No. 07-3559, 2010 WL 3906642, at *16 (D.N.J. Sept. 29, 2010) (ratings in performance review not adverse where they had no effect on salary or promotion), aff'd, 444 F. App'x 594 (3d Cir. 2011), cert. denied, 563 U.S. 995, 131 S. Ct. 2457, 179 L. Ed. 2d 1222 (2011); Strain v. University of Pittsburgh Med. Ctr., No. 2:04-cv-1660, 2007 WL 951490, at *10 (W.D. Pa. Mar. 27, 2007) (performance review not materially adverse because it did not have "tangible effect" on employment); Holliday v. Comcast Cable Commcn's, LLC, No. 05-2554, 2007 WL 551514, at *8 (E.D. Pa. Feb. 16, 2007) (performance improvement plan that does not reduce compensation, lead to loss of promotion or loss of benefits is not actionable under retaliation theory).[3]

Having failed to allege any materially adverse consequence causally related to his request for time off to care for his father, O'Malley has no viable claim for retaliation in violation of the FMLA and Count II should be dismissed.

---

[3] O'Malley's reliance on Kumar and McKinnon is misplaced. (Opp'n Br. at 5.) While the plaintiff in Kumar alleged that a negative performance evaluation constituted an adverse employment action, the defendant did not challenge his assertion and as a result the court did not address the issue. Kumar v. Johnson & Johnson, Inc., No. 12-779, 2014 WL 5512549, at *14 (D.N.J. Oct. 31, 2014) ("Defendants do not challenge any of the other [i.e. other than work assignments] instances that Plaintiff alleges are adverse actions"). Thus, Kumar is not persuasive authority for O'Malley's argument which was never addressed. See Webster v. Fall, 266 U.S. 507, 511, 45 S. Ct. 148, 149, 69 L. Ed. 411 (1925). McKinnon involved a claim of discrimination which involves a different standard and therefore has no application to O'Malley's retaliation claim. McKinnon v. Gonzales, 642 F. Supp. 2d 410, 435-36 (D.N.J. 2009).

**III.   Count III Fails To State a Claim for Interference With Rights Under the FMLA Concerning O'Malley's Own Condition.**

O'Malley again misapprehends the protection afforded by the FMLA in arguing that his chronic back pain automatically qualified him for leave under the FMLA.  (Opp'n Br. at 5-6.)  The FMLA does not extend its protection to any leave that an employee believes may be beneficial simply because he or she claims to suffer from a chronic condition.  Rather, the FMLA only protects leave for "[a]ny period of incapacity or treatment for such incapacity due to a chronic serious health condition."  29 C.F.R. § 825.115(c); see also 29 U.S.C. § 2612(a)(1)(D).  O'Malley fails to allege facts that plausibly establish that any request for time off for himself related to a period of incapacity (defined in 29 C.F.R. § 825.113(b) to include inability to work) or treatment (defined in 29 C.F.R. § 825.113(c) to exclude regimens that "can be initiated without a visit to a health care provider").  He fails therefore to allege a plausible claim for relief under the FMLA and Count III should be dismissed.  See, e.g., Popko v. Penn State Milton S. Hershey Med. Ctr., No. 1:13-cv-01845, 2015 WL 4950672, at *5 (M.D. Pa. Aug. 19, 2015) (dismissing FMLA claim where employee failed to allege when he saw his physician or whether he was receiving treatment at or near time of his leave request).

**IV. Count IV Fails To State a Claim for Retaliation Under the FMLA With Respect to O'Malley's Own Condition.**

O'Malley's FMLA retaliation claim fails because, as set forth above, he did not suffer from a serious health condition within the meaning of the FMLA. See supra p. 8. Even if O'Malley had a serious health condition, he fails to allege facts that plausibly suggest the necessary causal link between any particular request for leave due to that condition and his separation in May 2017. O'Malley argues in his brief that his absences from work were the "stated reason" for his separation, (Opp'n Br. at 7), but he tellingly fails to point to any facts establishing the requisite temporal proximity between any request for leave due to a qualifying serious health condition and his separation. He thus fails to state a claim for retaliation in violation of the FMLA and Count IV should be dismissed. See Rooks v. Alloy Surfaces Co., Inc., No. 09-839, 2010 WL 2697304, at *2 (E.D. Pa. July 6, 2010) (employee must allege facts establishing temporal proximity between request for leave and adverse employment action to state claim for retaliation in violation of FMLA).[4]

---

[4] O'Malley cites Erdman as ostensible support for the proposition that firing an employee for requesting FMLA leave is actionable as both interference and retaliation. Erdman v. Nationwide Ins. Co., 582 F.3d 500 (3d Cir. 2009). Erdman, however, has no application here because O'Malley was permitted to take leave to be with his father and when he himself experienced back pain. He suffered no prejudice and therefore has no claim under the FMLA.

9

## V. O'Malley Fails To State a Plausible Claim Under the PHRA.

### A. O'Malley did not exhaust required administrative remedies.

O'Malley urges the Court to overlook his failure to allow the Pennsylvania Human Relations Commission ("PHRC") one year to investigate his complaint based on a "constructive exhaustion" theory. (Opp'n Br. at 8-9.) Unlike the employees in Troendle and Violanti, however, O'Malley made no good faith effort to utilize the procedures provided by the PHRA but instead asserted his PHRA claim in this Court less than three weeks after he filed his administrative charge with the PHRC. This case is more analogous to McGuire v. Palmerton Hosp., No. 3:12-CV-1762, 2012 WL 5494924 (M.D. Pa. Nov. 13, 2012), where the plaintiff's PHRA claims were dismissed due to failure to exhaust administrative remedies because she filed suit only two months after submitting her administrative charge to the PHRC and therefore failed to "evidence a good faith use of procedures provided for the disposition of the PHRA complaint." Id. at *10 (citation and internal quotation marks omitted). The same result is warranted here. O'Malley's PHRA claim should be dismissed due to failure to exhaust required administrative remedies.

### B. O'Malley's claims under the PHRA are time-barred.

O'Malley tries to salvage his time-barred PHRA claim by arguing that an alleged failure to accommodate a disability is a continuing violation that operates to extend the limitations period. (Opp'n Br. at 9-10.) This is not a correct statement of the law.[5] A denial of a request for a reasonable accommodation is a discrete act of discrimination that is independently actionable and therefore the applicable limitations period is not subject to extension under the continuing violation doctrine. See Mercer v. SEPTA, 608 F. App'x 60, 63 (3d Cir. 2015) ("A reasonable accommodation request is a one-time occurrence rather than a continuing practice, and therefore, does not fit under the continuing violations theory."); Zankel v. Temple Univ., 245 F. App'x 196, 198-99 (3d Cir. 2007). Because O'Malley asserted his PHRA claim more than 180 days after his request for an accommodation was denied "[i]n late 2016," (3d Am. Compl. ¶¶ 49-51), his PHRA claim is time-barred and should be dismissed.

---

[5] The cases cited by O'Malley on page 10 of his Opposition Brief did not involve an alleged failure to accommodate and therefore the cases do not in any way assist O'Malley in avoiding dismissal on limitations grounds. See Miller v. Beneficial Mgmt. Corp., 977 F.2d 834, 843-44 (3d Cir. 1992) (continued failure to pay employee on equal basis and to promote employee were continuing violations); Bronze Shields, Inc. v. New Jersey Dep't of Civil Serv., 667 F.2d 1074, 1080-84 (3d Cir. 1981) (continuing violation theory did not extend time for filing discrimination complaint challenging denial of employment based on eligibility roster), cert. denied, 458 U.S. 1122, 102 S. Ct. 3510, 73 L. Ed. 2d 1384 (1982).

## VI. O'Malley Fails To State a Claim for Failure to Accommodate in Violation of the ADA and PHRA.

### A. O'Malley fails to allege a qualifying impairment within the meaning of the ADA.

O'Malley misses the point in arguing that walking, standing, sitting and working are considered major life activities under the 2008 amendments to the ADA. (Opp'n Br. at 11.)[6] O'Malley's ADA claims fail for a different reason: He does not adequately plead the existence of an impairment that substantially limits one or more of these major life activities. Where, as in the present case, an employee alleges only occasional difficulty sitting or moderate difficulty walking or climbing stairs without additional facts establishing the manner or duration in which he is limited, he is not disabled and is not entitled to protection under the ADA. (See cases cited in Sundance Vacations Inc.'s Br. in Supp. (ECF No. 29) at 16-17.) Because O'Malley fails to allege specific facts that suggest a substantial limitation on one or more major life activities, he is not covered by the ADA.

### B. O'Malley does not allege a failure to accommodate.

O'Malley concedes that he was allowed to take time off from work when he experienced back pain. (See, e.g., 3d Am. Compl. ¶¶ 30, 51, 67.) Unable to

---

[6] Contrary to O'Malley's argument, courts continue to recognize after the 2008 amendments to the ADA that moderate difficulty in walking or standing do not bring an individual within the class of persons protected by the statute. See, e.g., Sampson v. Methacton Sch. Dist., 88 F. Supp. 3d 422, 437 (E.D. Pa. 2015).

substantiate an alleged failure to accommodate, O'Malley instead bases his ADA claim on a purported failure to engage in the interactive process. (Opp'n Br. at 12.) There is, however, no such basis for liability under the ADA. See Whelan v. Teledyne Metalworking Prods., 226 F. App'x 141, 147 (3d Cir. 2007) ("[F]ailure to participate in the interactive process is not a ground for liability unless the employee has proven a failure to accommodate."). Nor is an employee entitled to any particular accommodation. See Khalil v. Rohm & Haas Co., No. 05-3396, 2008 WL 383322, at *17 (E.D. Pa. Feb. 11, 2008) ("[T]here is no duty to provide a particular or precise accommodation requested by an employee."). O'Malley admittedly received accommodation in the form of time off and therefore has no claim under the ADA.

**VII. O'Malley Fails To State a Claim for Retaliation in Violation of the ADA.**

O'Malley appears to concede that his request for accommodation in the form of permission to work from home in the fall of 2016 was too temporally remote from his separation in the fall of 2017 to support a claim for retaliation. (Opp'n Br. at 13.) Nonetheless, he tries to salvage Counts VII and VIII by arguing that he was subject to an intervening "pattern of hostility and retaliation around the issue of his disabilities" that implies an unlawful bias. (Id. at 14.) He completely fails, however, to allege any antagonistic actions or other facts that plausibly suggest

13

discriminatory or retaliatory animus directed at him on account of his medical condition. He fails therefore to state a claim for retaliation in violation of the PHRA or ADA and Counts VII and VII should be dismissed. See <u>Camplese v. Morgan Stanley Smith Barney, LLC</u>, No. 1:15-cv-00784, 2017 WL 2264349, at *7 (M.D. Pa. May 24, 2017) (dismissing retaliation claim where plaintiff failed to establish temporal proximity between protected activity and adverse action or intervening pattern of antagonism).

**VIII. O'Malley Fails To State a Claim for Discrimination in Violation of the ADA or PHRA.**

O'Malley offers only bald, unsupported legal conclusions in support of his claim that he was subject to discrimination on account of an alleged disability. (3d Am. Compl. ¶¶ 97-104.) He thus fails to satisfy the pleading standard in <u>Twombly</u> and his discrimination claims in Counts IX and X should be dismissed. See <u>Guirguis v. Movers Specialty Servs., Inc.</u>, 346 F. App'x 774, 776 (3d Cir. 2009) (affirming dismissal of discrimination claim where plaintiff failed to allege facts supporting inference that he was discharged on basis of his national origin).

## CONCLUSION

For the reasons set forth above and in Sundance Vacations, Inc.'s opening brief, O'Malley fails to state any right to relief under any theory and therefore his Third Amended Complaint should be dismissed with prejudice in its entirety.

                                        Respectfully submitted,

                                        /s/ Donna A. Walsh
                                        Daniel T. Brier
                                        Donna A. Walsh
                                        Erik R. Anderson

                                        Attorneys for Defendant,
                                        Sundance Vacations, Inc.

Myers, Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA 18503
(570) 342-6100

Dated: March 13, 2018

# **CERTIFICATE OF SERVICE**

I, Donna A. Walsh, hereby certify that a true and correct copy of the foregoing Reply Memorandum in Further Support of Motion To Dismiss was served upon the following counsel of record via the Court's ECF system on this 13th day of March, 2018:

> George R. Barron, Esquire
> 88 North Franklin Street
> Wilkes-Barre, PA 18701

/s/ Donna A. Walsh